# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON PEREZ ZAPATA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>S. FRAUENHEIM,<br><br>　　　　Respondent. | Case No. 1:16-cv-01260-SAB-HC<br><br>ORDER TO SHOW CAUSE<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 3) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner challenges his 2013 convictions sustained in the Madera County Superior Court for multiple sex offenses. Petitioner was sentenced to an imprisonment term of thirty-nine years to life. Petitioner alleges that: (1) the trial court failed to undertake the requisite Marsden inquiry; (2) the trial court erroneously restricted cross-examination; and (3) Petitioner was convicted on the basis of an unlawful confession.

## I.

## DISCUSSION

**A. Exhaustion**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered

1

to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). The Court must dismiss without prejudice a "mixed" petition containing both exhausted and unexhausted claims to give a petitioner an opportunity to exhaust the claims if he can do so. See Lundy, 455 U.S. at 522. However, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). A petitioner may also move to withdraw the entire petition and return to federal court when he has finally exhausted his state court remedies.[1] A petitioner may also move to stay and hold in abeyance the petition while he exhausts his claims in state court. See Rhines v. Weber, 544 U.S. 269, 277 (2005); Kelly v. Small, 315 F.3d 1063, 1070–71 (9th Cir. 2002).

In the instant petition, Petitioner acknowledges that he raises some claims that are unexhausted. (ECF No. 1 at 5). Upon review of the petition and the attachments, it appears claims 2 and 3 are unexhausted.

///

---

[1] Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time a federal habeas petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

**B. Appointment of Counsel**

Petitioner has moved for appointment of counsel. (ECF No. 3). There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). See also Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because he does not speak English, he cannot afford to obtain counsel, he lacks education regarding the law, and has limited access to legal research because the prison library does not have Spanish materials. Upon review of the petition, motion to proceed *in forma pauperis*, and the instant motion for appointment of counsel, the Court finds that with the assistance of a fellow inmate, Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed for failure to exhaust state remedies; and

2. The motion for appointment of counsel (ECF No. 3) is DENIED without prejudice.

///

///

1  Petitioner is forewarned that failure to follow this order may result in dismissal of the
2 petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or
3 to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **September 7, 2016**

UNITED STATES MAGISTRATE JUDGE