# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON PEREZ ZAPATA,<br><br>Petitioner,<br><br>v.<br><br>S. FRAUENHEIM,<br><br>Respondent. | Case No. 1:16-cv-01260-SAB-HC<br><br>ORDER LIFTING STAY OF CASE<br><br>ORDER GRANTING MOTION TO AMEND<br><br>ORDER TO RESPOND AND SETTING BRIEFING SCHEDULE<br><br>(ECF Nos. 14, 20) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In 2013, Petitioner was convicted in the Madera County Superior Court of various sex offenses and was sentenced to an imprisonment term of thirty-nine years to life. (ECF No. 21 at 3).[1] The California Court of Appeal, Fifth Appellate District affirmed the judgment, and the California Supreme Court denied the petition for review on January 13, 2016. (Id. at 4).

On August 25, 2016, Petitioner filed a federal petition for writ of habeas corpus, alleging that: (1) the trial court failed to undertake the requisite Marsden inquiry; (2) the trial court erroneously restricted cross-examination; and (3) Petitioner was convicted on the basis of an unlawful confession. On September 7, 2016, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies for claims 2 and 3. (ECF No. 6).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1 | In response to the order to show cause, Petitioner filed a motion to stay. (ECF No. 8). The Court granted Petitioner's motion in part and stayed this matter pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). (ECF Nos. 9, 14). Petitioner then filed state habeas petitions in the Madera County Superior Court, the California Court of Appeal, and the California Supreme Court, all of which were denied. (ECF No. 20 at 2–3).

On October 2, 2017, the Court received the instant motion to amend, wherein Petitioner moves to amend the petition to include six newly exhausted claims. (ECF No. 20 at 4–6). Based on the record before the Court, it appears that these newly exhausted claims are timely. Accordingly, the Court will grant Petitioner's motion to amend.

Accordingly, the Court HEREBY ORDERS:

1. The stay imposed in this matter on October 25, 2016 (ECF No. 14) is LIFTED.
2. Petitioner's motion to amend (ECF No. 20) is GRANTED.
3. Within **SIXTY (60) days** of the date of service of this order, Respondent SHALL FILE a RESPONSE to the Second Amended Petition (ECF No. 21). See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473–74 (9th Cir. 1985) (court has discretion to fix time for filing a response). A Response can be made by filing one of the following:

    A. AN ANSWER addressing the merits of the Second Amended Petition. Any argument by Respondent that Petitioner has procedurally defaulted a claim SHALL BE MADE in the ANSWER, but must also address the merits of the claim asserted.

    B. A MOTION TO DISMISS the Second Amended Petition.

4. Within **SIXTY (60) days** of the date of service of this order, Respondent SHALL FILE any and all transcripts or other documents necessary for the resolution of the issues presented in the Second Amended Petition. See Rule 5(c), Rules Governing Section 2254 Cases.

4. If Respondent files an Answer to the Second Amended Petition, Petitioner MAY FILE a Traverse within **THIRTY (30) days** of the date Respondent's Answer is

| | |
|---|---|
| 1 | filed with the Court. If no Traverse is filed, the Second Amended Petition and |
| 2 | Answer are deemed submitted at the expiration of the thirty days. |

5. If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition within **TWENTY-ONE (21) days** of the date Respondent's Motion is filed with the Court. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed within **SEVEN (7) days** after the Opposition is served. The Motion to Dismiss will be deemed submitted **TWENTY-EIGHT (28) days** after the service of the Motion or when the Reply is filed, whichever comes first. See Local Rule 230(l).

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(l). Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated: **October 10, 2017**

UNITED STATES MAGISTRATE JUDGE