# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON PEREZ ZAPATA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>S. FRAUENHEIM,<br><br>　　　　Respondent. | Case No. 1:16-cv-01260-SAB-HC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 22) |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  Petitioner has moved for appointment of counsel. (ECF No. 22). There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). See also Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

///

Petitioner argues that counsel should be appointed because he does not speak English, cannot afford to obtain counsel, has limited access to legal research because the prison library does not have Spanish materials, and is afraid to share information about his criminal offense because he may become the target of other inmates. Upon review of the multiple submissions in this case, the Court finds that with the assistance of a fellow inmate, Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that the motion for appointment of counsel (ECF No. 22) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **October 10, 2017**

_____
UNITED STATES MAGISTRATE JUDGE